# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FILE IMAGE SERVICES, LLC,**

      **Plaintiff,**

      v.                              **Case No. 09-C-484**

**LEANNE W. KLEIN,**
**PREMIER TITLE LP, and**
**PREMIER PARTNERSHIP SERVICES, LLC,**

      **Defendants.**

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On April 16, 2009 File Image Services, LLC filed a summons and complaint against Premier Title, Premier Partnership Services, and Leanne W. Klein in Waukesha County Circuit Court. (Docket No. 1-2.) On May 13, 2009, the defendant removed the state court action to this court. (Docket No. 1.) On May 27, 2009, the defendants filed a motion to dismiss. (Docket No. 7.) The plaintiff responded, (Docket No. 12), and the defendants replied, (Docket No. 17). The pleadings on the defendants' motion to dismiss are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

The defendants contend that this court lacks personal jurisdiction over the defendants because the defendants, all of whom are residents of Illinois, do not have the requisite relationship with Wisconsin. Rather, this case is in Wisconsin only because the plaintiff, a former Illinois resident, chose to relocate to Wisconsin.

"A federal court has jurisdiction over a diversity case, such as the one at bar, only if a court of the state in which the federal court is sitting would have jurisdiction." Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., 597 F.2d 596, 598 (7th Cir. 1979).

> Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a Wisconsin court may exercise two types of jurisdiction over a non-resident defendant, specific jurisdiction and general jurisdiction. Specific jurisdiction exists when the litigation arises out of or is related to the defendant's contacts with Wisconsin. Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 934 (E.D. Wis. 2002). General jurisdiction requires that a defendant have more substantial contacts with Wisconsin but authorizes a court to entertain any action against the defendant regardless of its subject matter. Id. at 933.

Ardor Agency LLC v. Imperium Intelligence, Inc., 2009 U.S. Dist. LEXIS 26406 (E.D. Wis. 2009).

The plaintiff does not contend that this court possesses general jurisdiction over the defendants; rather, the plaintiff's response amounts to a contention that this court possesses specific jurisdiction to hear the present dispute. Because the present action involves a contract dispute, the plaintiff contends that this court has jurisdiction to act pursuant to Wis. Stat. § 801.05(5)(b) which provides Wisconsin courts with jurisdiction to hear cases "[a]ris[ing] out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant." Courts have interpreted this statute as being "intended to be co-extensive with the requirements of due process." Giotis v. Apollo of Ozarks, Inc., 800 F.2d 660, 666 (7th Cir. 1986).

"The due process clause requires that in order to assert specific jurisdiction over a non-consenting, nonresident defendant, that defendant must have purposefully availed itself of doing business in the forum state." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Wallace v. Herron, 778 F.2d 391, 395 (7th Cir. 1985); Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1362 (7th Cir. 1985); Snyder v. Smith, 736 F.2d 409, 415 (7th Cir. 1985)). "Once this purposeful availment has been established, other factors are to be examined to determine

whether assertion of personal jurisdiction over defendant comports with 'fair play and substantial justice.'" Id. (quoting Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

In Lakeside, the plaintiff contended that the defendant had the requisite minimum contacts with Wisconsin because it had "order[ed] . . . goods from a Wisconsin company with knowledge that they were likely to be manufactured in Wisconsin and shipped from there." Lakeside, 597 F.2d at 600. Thus, the court noted that "[t]he principal contact relied upon here as a basis for jurisdiction is performance of contractual obligations by the plaintiff, not the defendant, in the forum state." Id. at 601. The Seventh Circuit noted that

> [a]lthough [the defendant] in a sense caused the activity in Wisconsin by placing the order, the contract between the parties left [the plaintiff] in absolute control over where it would conduct that activity, and it made this decision and conducted the activity unilaterally. [The defendant's] belief, which we may assume existed, that [the plaintiff] would choose to perform its contractual obligations in Wisconsin does not constitute an invocation of the benefits and protections of Wisconsin's laws; [the defendant] did not purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Id. at 603. Thus, the court concluded that the district court for the Eastern District of Wisconsin lacked jurisdiction over the defendant.

The court finds the present case analogous with Lakeside. The defendants had a contract with the plaintiff. There is no suggestion that the contract specified where the work was to be performed. Even assuming that the defendants were fully aware that the plaintiff had relocated to Wisconsin, this is insufficient to cause the defendants to be subject to the jurisdiction of Wisconsin courts. The defendants did not purposefully avail themselves of doing business in the forum state, and the Wisconsin courts lack personal jurisdiction over the defendants. Accordingly, the federal court similarly lacks personal jurisdiction over the defendants and must grant the defendants' motion to dismiss.

3

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss, (Docket No. 7), is **granted**. The Clerk shall enter judgment dismissing plaintiff's complaint and this action without prejudice and without costs to either party.

Dated at Milwaukee, Wisconsin this 5th day of August, 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

4
Case 2:09-cv-00484-AEG   Filed 08/05/09   Page 4 of 4   Document 22